**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY BODINE, | No. 12-15585 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-08088-NVW |
| v. | |
| STATE OF ARIZONA; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Gregory Bodine appeals pro se from the district court's judgment dismissing his action arising from his divorce proceedings and a related state court action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Sadoski v. Mosley*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Bodine's request for oral argument is denied.

435 F.3d 1076, 1077 n.1 (9th Cir. 2006) (judicial immunity); *Cholla Ready Mix,*

*Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (Eleventh Amendment immunity);

*Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (*Rooker-Feldman* doctrine). We

affirm.

The district court properly dismissed Bodine's action as barred by Eleventh

Amendment and judicial immunity. *See Brooks v. Sulphur Springs Valley Elec.*

*Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991) (discussing the scope of Eleventh

Amendment immunity and noting that it extends to suits brought against a state by

its own citizens, as well as by citizens of other states); *Ashelman v. Pope*, 793 F.2d

1072, 1075-76 (9th Cir. 1986) (en banc) (discussing the scope of judicial immunity

and explaining that § 1983 was not intended to abolish it). Moreover, to the extent

that Bodine challenged state court decisions, his claims were barred by the

*Rooker-Feldman* doctrine. *See Noel*, 341 F.3d at 1156-58, 1163 (9th Cir. 2003)

(explaining the circumstances under which the *Rooker-Feldman* doctrine applies).

The district court did not abuse its discretion by denying Bodine's motions

under Fed. R. Civ. P. 59(e) and 60(b) because Bodine failed to establish grounds

for such relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5

F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds

for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)); *see also* D. Ariz. Loc.

R. 12.1(b) & 56.1(d) (providing thirty days to respond to a motion to dismiss where one or more of the grounds asserted therein is lack of jurisdiction); Fed. R. Civ. P. 6(d) (extending time for service by mail).

The district court did not abuse its discretion by denying Bodine's application for default judgment under Fed. R. Civ. P. 55(b) because the court had already dismissed the action, and several factors supported the denial of default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review, stating that this court may affirm a denial of a motion for default judgment on any basis supported by the record, and listing the factors for determining whether to enter default judgment).

The district court did not abuse its discretion by denying Bodine's motion for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and stating that judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality).

We reject Bodine's contentions concerning fundamental fairness, and that the district court violated his due process and equal protection rights.

12-15585

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**